## CIRCUIT COURT OF AMHERST COUNTY

Adam Michael Kline
and Loan Trinh Kline

v.

Joshua A. Vickers
and Heather D. Vickers

May 3, 2016

Case No. CL15009542-00

BY JUDGE MICHAEL T. GARRETT

I write to give my opinion on the issue regarding attorney's fees. The Court ruled that the plaintiffs were the beneficiaries of an express easement by the deeds of conveyance to the parties as well as the deeds in the chain of title in this matter. The prevailing party, the plaintiffs, filed a Motion for Attorney's Fees under § 8.01-271.1 of the Code of Virginia. I write this letter to give you my opinion on the attorney's fees issue.

Upon review of the legal authorities submitted in this case on the underlying issue regarding the existence of the easement, the Court declines to award attorney's fees in this matter. The denial is based on a number of factors. First of all, there was no factual dispute as to the documents in the chain of title, nor the plat involved in this case. The issue arose based upon the interpretation of the language contained in each of the deeds, as well as the plat. The numerous cases regarding what is required for an express easement present holdings based on specific factual situations that can appear to be in conflict. The Supreme Court held in *Gilmore v. Finn*, 259 Va. 448, 527 S.E.2d 426 (2000):

> Accordingly, for purposes of the imposition of sanctions under Code § 8.01-271.1, we must consider whether there was a reasonable and good faith basis for the legal assertions . . . that consideration . . . does not require that we decide that the . . . pleading was actually warranted by existing law but, rather, whether . . . [one] could have formed a reasonable belief that his action was warranted by existing law or a good faith argument for the extension, modification, or reversal of

> existing law. In other words, "the wisdom of hindsight should be avoided" in applying the appropriate objectively reasonable standard of review.

*Gilmore*, at 466-67.

Therefore, based on the holding in *Gilmore*, the court finds that the defendants did not contest the facts of the case at bar, but argued the application of the law.

I have considered the opinion of the prior attorney of the Vickers and find that an award of attorney's fees should not turn on the prior attorney's opinion. If the award of attorney's fees in any case were determined by reliance upon the opinion of one attorney, then contrary to the holding in *Gilmore*, many matters fairly subject to different interpretations could not be litigated. Parties are entitled to seek and obtain counsel with whom they have confidence to represent them in litigation. While the oversight on behalf of counsel for the defendants in replying to the initial request for attorney's fees is somewhat troubling, I nonetheless, find that this oversight does not form the basis for an award for attorney's fees for the underlying case. Therefore, the request for attorney's fees in this case is denied.